IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GEORGE WALTER BREWSTER, III,** | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : NO. 4:21-CV-00158-CDL-MSH |
| | : |
| **STATE OF GEORGIA,** *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

## ORDER

Plaintiff George Walter Brewster, III, a prisoner who is presently incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2). As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Plaintiff's motion for leave to proceed *in forma pauperis* is therefore **DENIED,** and Plaintiff's Complaint shall be **DISMISSED without prejudice.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has had more than three actions that have been dismissed as frivolous, malicious, or for failing to state a claim. *See, e.g.,* Order Dismissing Compl., *Brewster v. Muscogee Cnty. Superior Court*, ECF No. 7 in Case No. 4:21-cv-00019-CDL-MSH (M.D. Ga. July 13, 2021) (adopting recommendation to dismiss for failure to state a claim); Order Dismissing Compl., *Brewster v. Turner*, ECF No. 5 in Case No. 4:21-cv-00014-CDL-MSH (M.D. Ga. Mar. 3, 2021) (dismissed for failure to state a claim);[1] Order Dismissing Compl., *Brewster v. District Attorney's Office*, ECF No. 7 in Case No. 4:20-cv-00038-CDL-MSH (M.D. Ga.

---

[1] Although this case was dismissed because the only named defendant was a judge who was immune from suit, such a dismissal is effectively one for failure to state a claim. *See, e.g., Wright v. Pearson*, 747 Fed. Appx. 812, 814 (11th Cir. 2018) ("We have recognized that a case is due to be dismissed for failure to state a claim when immunity is an obvious bar given the allegations in the complaint." (internal quotation marks omitted)).

Oct. 21, 2020) (adopting recommendation to dismiss for failure to state a claim); Order Dismissing Compl., *Brewster v. Am. Int'l Movers, Inc.*, ECF No. 5 in Case No. 4:20-cv-00045-CDL-MSH (M.D. Ga. Mar. 12, 2020) (dismissed for failure to state a claim). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for the "imminent danger" exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's claims arise from what he describes as "an illegal contract" that he was "forced . . . to sign" in August of 2020 by Defendant Frye, a representative of the Muscogee County Department of Community Supervision. Compl. 6, ECF No. 1. Plaintiff contends that this contract "denied [him his] Equal Protection Rights" and further "told [him] not to have contact with Law Enforcement thus rendering said contract VOID" because it is based on "discriminitive [sic] grounds." *Id.* These allegations in no way suggest that Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint. Thus,

3

Plaintiff should not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint must be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

In accordance with the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED** this **25th** day of **October, 2021**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA